**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br><br> Plaintiff - Appellee, <br><br> and <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Indymac Bank FSB, <br><br> Movant - Appellee, <br><br> v. <br><br> ARYANA/OLIVE GROVE LAND DEVELOPMENT LLC, a California limited liability company, <br><br> Defendant, <br><br> and <br><br> SHAHVAND ARYANA, an individual, <br><br> Defendants - Appellants. | No. 13-56972 <br><br> D.C. No. 5:12-cv-01494-VAP-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 6, 2016[]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Appellant Shahvand Aryana appeals the district court's grant of partial summary judgment in favor of the FDIC holding Aryana liable for breach of guaranty, and determining that the FDIC's damages were at least $5,201,040.63. Reviewing the district court's grant of partial summary judgment de novo and its evidentiary decisions for abuse of discretion, we affirm.

In 2006, IndyMac Bank (the "Bank") entered into a loan agreement with Aryana/Olive Grove Land Development, LLC ("Olive Grove"), of which Aryana was a managing member. Olive Grove executed a promissory note in favor of the Bank, which set a maturity date upon which the loan, if not yet repaid, would become payable and due in full. In addition, Aryana executed a guaranty agreement in which he personally guaranteed Olive Grove's performance under the loan agreement.[1]

After Olive Grove failed to repay the loan by the maturity date, the Bank

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Olive Grove and the Bank subsequently agreed to a loan modification, for which Aryana reaffirmed his guaranty.

demanded payment in full from Aryana pursuant to the guaranty agreement. Aryana did not pay, and the Bank sued in California superior court alleging, inter alia, a cause of action for breach of guaranty under California law. In July 2008, the FDIC was appointed receiver for the Bank, and subsequently substituted for the Bank in the state court action. The FDIC then removed this suit to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B).

The FDIC moved for summary judgment on its breach of guaranty claim, which the district court granted as to liability, and granted in part and denied in part as to damages. With respect to damages, the district court held that the amount owed on the loan (and hence the guaranty) was $5,545,460.63, but the court held that a triable issue of fact existed as to whether a $344,420 check from Olive Grove's insurer to the Bank had been credited against the amount Olive Grove owed on the loan. The district court accordingly held that the FDIC's damages were at least $5,201,040.63, but denied summary judgment as to $344,420 of the FDIC's claimed damages and directed the parties to proceed to trial on that issue. The parties subsequently stipulated to a judgment of $5,306,702.53. In this timely appeal, Aryana challenges the district court's grant of summary judgment as to both liability and damages.

1. **Liability.**

Aryana argues that he is not liable to the FDIC because (1) Olive Grove's

nonperformance under the loan agreement was excused under *Brown v. Grimes*, 120 Cal. Rptr. 3d 893, 902 (Cal. Ct. App. 2011), by the Bank's alleged prior material breach involving delaying disbursements or underdisbursing funds due to Olive Grove under the loan agreement; and (2) under California law, a guarantor's liability can be no larger than the underlying principal's obligation. Cal. Civ. Code § 2809. These arguments fail because Aryana waived such defenses in his guaranty agreement.

Section 5(f) of the guaranty agreement explicitly "waives any defense to the enforcement of this Guaranty . . . arising by reason of . . . any discharge or release of any other Loan Party[2] . . . whether resulting from any act or omission of the Lender . . . or by operation of law." Section 5(*l*) of the agreement further waived "any defense arising from a claim that the obligations of the Guarantor are greater than those of the Borrower or any other Loan Party," and § 5(k) waived "any defense arising by reason of . . . any other action by the Lender." Those clauses were sufficiently clear as to waive Aryana's prior-material-breach and § 2809 defenses. In addition, § 7.05(c) of the loan agreement provides that "the [Bank] shall have no responsibility or liability for any delays in funding or construction caused by any inspection of construction or review of Documents, information,

---

[2] The loan agreement defines "Loan Party" as including "the Borrower," *i.e.*, Olive Grove.

conditions or performance, or any other action by the Lender in connection with any Disbursement." Together, these provisions clearly encompass Aryana's contention that Olive Grove's liability under the loan agreement—and by extension, Aryana's liability under the guaranty agreement—was discharged by the Bank's purported prior material breach of failing to make full disbursements in a timely manner.[3] We therefore affirm the district court's grant of summary judgment in the FDIC's favor as to liability.

## 2. Damages.

Aryana also challenges the district court's grant of partial summary judgment relating to damages, arguing that the district court's conclusion that the FDIC had established damages of $5,201,040.63 was not supported by evidence in the record. Because the FDIC placed sufficient evidence in the record to support its damages calculations, and because Aryana fails to point to any evidence in the record that contests or contradicts the FDIC's evidence of damages, we affirm.

In support of its summary judgment motion, FDIC filed a declaration from a Vice President at KeyCorp Real Estate Capital Markets, Inc., which was retained by IndyMac to service its loan to Olive Grove. The declaration authenticated

---

[3] Because Aryana waived any prior breach defense, any error arising from the district court's exclusion of the testimony of Stephen Eib—which Aryana proffered to support that defense—was necessarily harmless.

Exhibit J, which was a July 16, 2013 statement of account created by KeyCorp that listed the payoff amount of the Olive Grove loan as $5,545,460.63.

Aryana objected to the portion of the declaration authenticating Exhibit J and Exhibit J itself on hearsay and foundation grounds. The district court rejected that objection in relevant part.[4] The district court then relied on Exhibit J when it concluded that the FDIC had submitted sufficient evidence to support its damages calculation.[5]

Aryana argues that the district court abused its discretion by not excluding Exhibit J. We disagree. The declarant supervised IndyMac's loan to Olive Grove, and there is no basis on this record to conclude that he lacked sufficient knowledge to authenticate Exhibit J at trial. Fed. R. Civ. P. 56(c)(2). Moreover, the FDIC filed a supplemental declaration from the same declarant that appropriately laid the foundation for its admission as a business record. Accordingly, the district court did not abuse its discretion by considering Exhibit J.

_____

[4] Aryana points to the district court's rejection of a proffered "statement of undisputed fact" containing the $5,545,460.63 number, arguing that it was inconsistent with this evidentiary ruling. Although it is not entirely clear what the basis for that rejection was, it does not change our conclusion that the district court's damages calculation is supported by the record.

[5] Although the district court's opinion erroneously referred to "Exhibit I," the district court's description of the document as "an authenticated statement indicating the balance owed on the loan dated July 16, 2013" makes clear that the district court meant to reference Exhibit J.

Aryana also argues that the FDIC failed to place evidence in the record demonstrating how it calculated its claimed damages. But Exhibit J states that the interest rate used in calculating the payoff amount was 8.75%, which was the minimum interest rate set forth in the promissory note. Exhibit J also states the amount of the principal as of July 16, 2013, and the amount of interest accrued from Feb. 1, 2008 to June 30, 2013. The FDIC thus submitted sufficient evidence to support its damages calculations. Accordingly, to create a triable issue of fact, Aryana needed to offer evidence contradicting or contesting the FDIC's calculations. Because Aryana fails to point to any evidence in the record contesting the FDIC's damages calculations, the district court's award of partial summary judgment as to this issue must be affirmed.[6]

**AFFIRMED.**

---

[6] Aryana also argues for the first time on appeal that the district court's reliance on the FDIC's damage calculations were error because the Bank never notified Aryana of the post-default interest rate it would charge Aryana, as is required by California law. Because Aryana did not present this argument to the district court, it is waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).